UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD RAY BARNES and<br>TRACY EUGENE McKEE,<br><br>    Plaintiffs<br><br>    v.<br><br>JAMES W. MURPHY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 4:05-CV-0203-CDP<br>)<br>)<br>)<br>)<br>) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff Ronald Ray Barnes for leave to commence this action without payment of the required filing fee [Doc. #1][1]. Although plaintiff requests that this matter be certified as a class action representing "all of the persons ...currently incarcerated at MSI located at 7600 N. Hall St[reet]," plaintiff has not satisfied the prerequisites to maintaining a class action. *See* FED. R. CIV. P. 23 (a) and (b). As such, the Court determines that this action shall not be maintained as a class action.

**28 U.S.C. § 1915(b)(1)**

---

[1]The Court notes that, although Tracy Eugene McKee signed the complaint, plaintiff Barnes has filed a motion to add twenty-one individuals to the putative class action and Anthony Thompson has filed Motion to Join Civil Action, only Ronald Ray Barnes and Tracy Eugene McKee have submitted applications to proceed in forma pauperis (CJA Form 23) and only Ronald Ray Barnes has submitted a certified copy of his prison account statement. As such, and because Mr. McKee has not submitted a certified copy of his prison account statement and because this action will not be certified as a class action, the Court will strike as party-plaintiff Tracy Eugene McKee and will deny the motions to join the putative class action law suit submitted by Anthony Thompson and submitted by plaintiff Barnes on behalf of Lionell K. Gladney, Christopher Roberts, Ron Anderson, Andrew Wise, Edward Pullom, James Braselman, Charles Little, Leonard Leon Harris, Reginald Hall, Keith D. Brock, Danny Parker Bey, Cornelius R. Davis, Darrell Harris, Ralph Hill, Michael Moreland, Antoine Cage, Terence Smith, Franklin Watson, Nathaniel Thompson, Herman T. Hawkins, Anthony Rowan.

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. <u>See</u> 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $.24, and an average monthly account balance of $.27. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $.05, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears

beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a state prisoner currently confined at the St. Louis City Justice Center, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983. Named as defendant is Sheriff James W. Murphy. Plaintiff alleges numerous deprivations of his constitutional rights under the First, Sixth, Eighth, and Fourteenth Amendments. His claims may be broadly broken down as follows:

**Conditions of confinement**: failure to serve coffee in administrative segregation; failure to allow adequate time out-of-cell time and inadequate recreation time in the gym; certain inmates are given authority over other inmates to control the hair cut list, access to toilet paper and other supplies, and may physically abuse inmates under their authority; inadequate time for meals or refusal to feed an inmate who did not promptly leave his cell at meal time; inadequate diet; taking away the day room time or television time of the whole dorm when an individual violates the rules; closing the day room on weekends at 10:30 P. M.; guards cursing inmates and other forms of verbal abuse; inadequate medical treatment, in that an inmate cannot receive aspirin or other pain reliever from a nurse without a prescription from a doctor; awakening inmates at 5:00 A. M.; failure to provide a rule book to new inmates and failure to post or publish rules; and failure to provide a chain of command which includes sergeants; and lack of a grievance procedure.
**Access to the courts**: denial of access to the law library and legal materials; and denial of papers, pens, envelopes and postage for drafting and filing legal documents
**Racial and religious discrimination**: Caucasian and African-American inmates are housed separately; and Islamic inmates are not allowed to meet as often as Christian inmates.

A review of the instant complaint indicates that plaintiff's access to the courts and

racial and religious discrimination claims should survive review under 42 U.S.C. § 1915(e)(2)(B). Therefore, the Court will order that Defendant Murphy respond to plaintiff's claims, as set forth in the complaint.

Plaintiff's conditions of confinement claims are legally frivolous and must be dismissed. As the Supreme Court has noted, the Constitution "does not mandate comfortable prisons...." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (*quoting Rhodes,* 452 U.S. 337, 349 (1981); s*ee also Harris v. Fleming,* 839 F.2d 1232, 1235-36 (7th Cir.1988) ( "inmates cannot expect the amenities, conveniences and services of a good hotel").

The conditions described by plaintiff do not reflect "unnecessary and wanton infliction of pain," or a deprivation "denying the minimal civilized measure of life's necessities." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (internal quotations omitted). Moreover, they do not rise to the level of demonstrating that defendant was deliberately indifferent to plaintiff's health or safety, *Farmer v. Brennan,* 511 U.S. 825, 828 (1994), or that he acted maliciously for the purpose of causing him harm, *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986).

The Eighth Circuit has held that conditions similar to, and possibly worse than, those described by plaintiff did not violate an inmate's Eighth Amendment rights. *See Thomas v. Swenson,* 2005 WL 1041488, *3 (D.Minn.2005) (*citing O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 83-84 (8th Cir.1996) (several days without underwear, blankets, mattress, exercise or visits not in violation of Eighth Amendment); *Williams v. Delo,* 49 F.3d 442, 444 (8th Cir.1995) (four days without clothes, mattress, water, bedding, legal mail or hygienic supplies not in violation of Eighth Amendment); *see also Spencer v. Moore,* 638 F.Supp. 315, 316 (E.D.Mo.,1986) ("In the context of a state prison system, an inmate grievance procedure is not constitutionally required. If the state

elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights.") (internal citations omitted). While the Court would concern itself with inadequate medical care, plaintiff indicates that a nurse is present and that pain relievers are available by prescription.

The final issue before the Court is plaintiff's motion to amend his complaint [Doc. #5] in order to substitute a party. Plaintiff moves to substitute superintendent Gene Stubblefield for Sheriff James W. Murphy. Leave to amend a party's pleadings shall be freely given when justice so requires. FED. R. CIV. P. 15(a). Accordingly, the Court will permit plaintiff to substitute Gene Stubblefield for James W. Murphy.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] be **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's request to maintain the instant action as a class action be **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint [Doc. #5] in order to substitute a party be **GRANTED**; Gene Stubblefield is substituted for James W. Murphy.

**IT IS FURTHER ORDERED** that plaintiff Tracy Eugene McKee's motion for leave to proceed in forma pauperis [Doc. #2] be **DENIED**, that Tracy Eugene McKee be **STRICKEN** as party-plaintiff in this action, and that the Clerk of Court shall docket this case as *Ronald Ray Barnes v. Gene Stubblefield.*

**IT IS FURTHER ORDERED** that plaintiff's motion to add plaintiffs Lionell K.

Gladney, Christopher Roberts, Ron Anderson, Andrew Wise, Edward Pullom, James Braselman, Charles Little, Leonard Leon Harris, Reginald Hall, Keith D. Brock, Danny Parker Bey, Cornelius R. Davis, Darrell Harris, Ralph Hill, Michael Moreland, Antoine Cage, Terence Smith, Franklin Watson, Nathaniel Thompson, Herman T. Hawkins, Anthony Rowan [Doc. #4] be **DENIED.**

**IT IS FURTHER ORDERED** that Anthony Thompson's motion to join civil action [Doc. #6] be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

Dated this 12th day of July, 2005.

_____
**UNITED STATES DISTRICT JUDGE**