**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD RAY BARNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:05-CV-0203-CDP** |
| | ) | |
| **GENE STUBBLEFIELD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court on plaintiff's Motion for Reconsideration of Plaintiffs [sic] Claims [Doc. #13].

Plaintiff moves the Court to reconsider its Order dismissing certain conditions of confinement claims. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.* 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir.1987). Plaintiff seeks reconsideration of four issues: medical treatment, representation of other parties, food service and recreation time.

Plaintiff's motion regarding medical treatment reiterates his former claim, which the Court has carefully considered and dismissed. Accordingly, plaintiff's motion is denied as to this issue.

Plaintiff again seeks to litigate the rights of other inmates, contrary to the general rule that a litigant must assert his own legal rights and cannot assert the legal rights of a third party. *See United States v. Raines*, 362 U.S. 17, 22-23, 80 S.Ct. 519 (1960); *Tileston v. Ullman*, 318 U.S. 44, 46, 63 S.Ct. 493 (1943). Plaintiff has no standing to assert the constitutional rights of other

prisoners. Accordingly, plaintiff's motion is denied as to this issue.

The Court now finds that, in separating the wheat from the chaff, it has dismissed two conditions of confinement claims which should be reinstated. As to food service, plaintiff's claims that inadequate time is allowed for meals and that meals are withheld as a disciplinary tool are sufficient to state a claim under the Eighth Amendment. *See, e. g., Rutherford v. Pitchess*, 457 F.Supp. 104, 116 (C.D.Cal.,1978) (holding that an inmate should be allowed not less than fifteen minutes at the meal table); *Williams v. Coughlin*, 875 F.Supp. 1004, 1013 (W.D.N.Y. 1995) (disapproving the use of food deprivation as a disciplinary measure where the withholding of food is grossly disproportionate punishment for a prisoner's refusal to comply with a rule and where several correctional guidelines and standards indicate that prison authorities must provide regular, daily meals to all prisoners).

As to recreation time, plaintiff's claim that defendant allows inadequate time (approximately two hours a week) for recreation or gym time may violate the Eighth Amendment. *Divers v. Department of Corrections*, 921 F.2d 191, 194 (8th Cir. 1990) (Plaintiff's claim that he is allotted only forty-five minutes of exercise time a week may constitute an Eighth Amendment violation.). The Court cannot determine on the basis of the record before it if other opportunities exist for daily exercise, but, as the U. S. Court of Appeals for the Sixth Circuit observed in *Patterson v. Mintzes,* 717 F.2d 284 (6th Cir.1983), "[i]t is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." 717 F.2d at 289. Plaintiff's claim as to inadequate recreation time is, therefore, not legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Reconsideration of Plaintiffs

[sic] Claims [Doc. #13] be **GRANTED** in part and **DENIED** in part**,** as set forth above.

Dated this 5th day of August, 2005.

**UNITED STATES DISTRICT JUDGE**