UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONALD RAY BARNES,               )
                                 )
            Plaintiff,           )
                                 )
      vs.                        )          Case No. 4:05CV203 CDP
                                 )
GENE STUBBLEFIELD,               )
                                 )
            Defendant.           )

## MEMORANDUM AND ORDER

Plaintiff is a state prisoner seeking monetary and injunctive relief pursuant to

42 U.S.C. § 1983.  He alleges numerous deprivations of his constitutional rights

under the First, Sixth, Eighth and Fourteenth Amendments, including claims relating

to conditions of confinement, access to the courts, and racial and religious

discrimination.  Defendant seeks summary judgment, asserting that plaintiff failed to

exhaust the jail administrative grievance system.  The undisputed evidence supports

defendant's motion, so I will dismiss this case without prejudice.

## I.      Background

Plaintiff, Ronald Ray Barnes, is currently incarcerated at the St. Louis City

Justice Center.  Defendant, Gene Stubblefield, is the superintendent of that facility.

On February 2, 2005, Barnes filed this suit alleging multiple violations of his

constitutional rights, which he claims began on December 27, 2004 and were

ongoing at the time of case filing. Barnes alleges that there is no prisoner grievance procedure at the City Justice Center. However, he says that he did complain to jail authorities about the issues in this case by filing requests and an "RR" complaint form, but that the requests were never answered.

I previously reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B) and found that certain claims were legally frivolous. The non-frivolous claims that remain are claims regarding inadequate time for meals, meals being withheld as a disciplinary tool, inadequate time for recreation, denial of access to the courts, and racial and religious discrimination.

## II.   Discussion

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or

other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323.

Defendant has moved for summary judgment arguing that this suit is barred by plaintiff's failure to exhaust administrative remedies as mandated by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  He also argues that the claim improperly seeks to impose liability under 42 U.S.C. § 1983 predicated on the theory of respondeat superior.  Since this case can be decided on the issue of exhaustion of administrative remedies alone, I need not decide defendant's second argument.

### A.    Exhaustion of Administrative Remedies

The PLRA requires a prisoner to exhaust administrative remedies before filing suit:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Congress's goal in enacting this statute was "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address

complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-25 (2002). Administrative remedies could eliminate the need for further litigation, weed out frivolous claims, or, at the least, create an administrative record for use in court. Id. at 525. "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 741 (2001)). "[A]n inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003).

In this case, the plaintiff's complaint denies the existence of a prisoner grievance system at the St. Louis City Justice Center, but plaintiff admits to having filed requests and an "RR" form to prison authorities. In plaintiff's Response to the Motion for Summary Judgment, he admits that the institution has a procedure where a prisoner can file a "RR" form voicing his complaint, but he alleges so many problems with the system that "in actual practice there is no working grievance procedure." Plaintiff also claims that when the issue is a deprivation of constitutional rights, it is not necessary to file an institutional grievance. Defendant submitted an exhibit and an affidavit establishing that the City of St. Louis correctional system has a prison grievance procedure in place and that plaintiff

failed to use it.

Section 1997e(a)'s requirement of exhaustion of administrative remedies is mandatory and applies to all inmate suits about prison life. <u>Porter</u>, 534 U.S. at 524, 532. Administrative remedies must be exhausted *before* the suit is filed, and in the case where they are not, dismissal is mandatory. <u>Johnson</u>, 340 F.3d at 627. There is no exception for claims alleging violations of constitutional rights — indeed, almost all § 1983 claims allege such violations. Allegations regarding food service, recreation time, access to courts, and racial and religious discrimination are all issues concerning prison life. The Prison Litigation Reform Act mandates the exhaustion of administrative remedies in this case. Plaintiff asserts that he did complete a few requests and a "RR" form. However, by affidavit, defendant has established that the institution has no complaints or grievances on file from plaintiff prior to the date of the case filing. Plaintiff must exhaust all procedures available for grievances at the institution where he is incarcerated before filing suit in federal court. For this reason, this suit is dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [#16] is GRANTED.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2005.